UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KENNETH D. GILMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-CV-00104 JAR |
| ) | |
| ANDREW SAUL, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Plaintiff Kenneth Gilmore's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*

**I.      Background**

Plaintiff was born in 1964, reported a high school education with additional training as a diesel mechanic, and past work as a truck driver. He has not worked since May 5, 2015, when he injured his eyes in a work-related accident. Two weeks later, he sustained an injury to his back when a chair he was sitting in collapsed, which required surgery and fusion in September 2015. Since that time, Plaintiff has reported severe back symptoms and the use of a cane to ambulate "[a]bout 99 percent of the time." (Tr. 143). He applied for disability insurance benefits and supplemental security income benefits on January 6, 2016, alleging disability as of May 4, 2015 due to fractured back, neck fusion, left shoulder surgery, "[v]ision," biceps surgery, and depression. After his application was denied at the initial administrative level, Plaintiff requested

a hearing before an administrative law judge ("ALJ"). Following a hearing on May 24, 2018, the ALJ issued a written decision on August 29, 2018, denying Plaintiff's application. Plaintiff's request for review by the Appeals Council was denied on June 13, 2019. Thus, the decision of the ALJ stands as the final decision of the Commissioner. See Sims v. Apfel, 530 U.S. 103, 107 (2000).

## II.     Facts

The Court adopts Plaintiff's Statement of Facts (Doc. No. 11-1) to the extent they are admitted by the Commissioner. The Court also adopts Defendant's Statement of Additional Facts. (Doc. No. 16-1). Together, these statements provide a fair and accurate description of the relevant record before the Court. Additional specific facts will be discussed as necessary to address the parties' arguments.

## III.    Standards

The Court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole. Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough that a reasonable mind would accept it as adequate to support the Commissioner's conclusion. Chismarich v. Berryhill, 888 F.3d 978, 979 (8th Cir. 2018) (per curiam). The Court may not reverse merely because substantial evidence exists in the record that would support a contrary outcome or because the court would have decided the case differently. Chaney v. Colvin, 812 F.3d 672, 676 (8th Cir. 2016). A reviewing court must consider evidence that both supports and detracts from the ALJ's decision. Id. If it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the decision of the Commissioner. Id. In other words, a court should "disturb the ALJ's decision only if it

falls outside the available zone of choice." Papesh v. Colvin, 786 F.3d 1126, 1131 (8th Cir. 2015). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. Id. The Court defers heavily to the findings and conclusions of the Social Security Administration. Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;
(2) The education, background, work history, and age of the claimant;
(3) The medical evidence given by the claimant's treating physicians;
(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
(5) The corroboration by third parties of the claimant's physical impairment;
(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
(7) The testimony of consulting physicians.

Brand v. Sec'y of Dept. of Health, Educ. & Welfare, 623 F.2d 523, 527 (8th Cir. 1980).

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920(a), 404.1520(a). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Eichelberger v. Barnhart, 390 F.3d 584, 590-91 (8th Cir. 2004)).

First, the claimant must not be engaged in "substantial gainful activity" ("SGA"). 20 C.F.R. §§ 416.920(a), 404.1520(a). Second, the claimant must have a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 416.920(c), 404.1520(c). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001)).

If the claimant has a severe impairment, the ALJ must determine at step three whether any of the claimant's impairments meets or equals an impairment listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. Id.

If the claimant's impairment does not meet or equal a Listing, the ALJ must determine the claimant's residual functional capacity ("RFC"). See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00; 20 C.F.R. § 404.1520a(c)(3). RFC is an assessment of the claimant's ability to perform sustained work-related physical and mental activities in light of his impairments. SSR 96–8p. The relevant mental work activities include understanding, remembering, and carrying out

4

instructions; responding appropriately to supervision and co-workers; and handling work pressures in a work setting. 20 C.F.R. § 404.1545(c).

At step four, the ALJ must determine whether, given his RFC, the claimant can return to his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); McCoy v. Astrue, 648 F.3d 605, 611 (8th Cir. 2011). If the claimant can still perform past relevant work, he will not be found to be disabled; if not, the ALJ proceeds to step five to determine whether the claimant is able to perform any other work in the national economy in light of his age, education and work experience. 20 C.F.R. §§ 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, then he will be found to be disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v).

Through step four, the burden remains with the claimant to prove he is disabled. Brantley, 2013 WL 4007441, at *3 (citation omitted). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. Id. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." Meyerpeter v. Astrue, 902 F. Supp.2d 1219, 1229 (E.D. Mo. 2012) (citations omitted).

### IV. Decision of the ALJ

The ALJ found Plaintiff had the severe impairments of degenerative disc disease, status post L3-4 interbody fusion; facet arthritis at L5-S1; post laminectomy syndrome; sacroiliitis; cervical spondylosis, status post remote anterior cervical spine fusion; status post remote shoulder surgery; and morbid obesity, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 29-31).

After considering the entire record, the ALJ determined that Plaintiff has the RFC to perform light work except that he cannot climb ladders, ropes, or scaffolds and can only occasionally climb ramps and stairs. The ALJ further determined that Plaintiff can occasionally stoop, crouch and crawl, but never reach, push, or pull overhead bilaterally. He can frequently handle and finger with the left upper extremity. (Tr. 31).

The ALJ found that Plaintiff is unable to perform any past relevant work (Tr. 37), but that there are jobs in the national economy that he can perform given his age, education, work experience and RFC, such as cleaner/housekeeper, machine tender, and laundry worker (Tr. 38). Thus, the ALJ found Plaintiff was not disabled as defined by the Act. (Tr. 38-39).

## V.     Discussion

On appeal, Plaintiff argues the ALJ's RFC determination for light work is unsupported by substantial evidence. Plaintiff further argues the ALJ erred by failing to properly consider and develop the record regarding the medical necessity of his use of a cane. Plaintiff asserts this is crucial to the outcome of the case because if the cane is medically necessary, then he would be limited to sedentary work and, therefore, disabled under the Medical-Vocational Guidelines. Because the ALJ erred in her RFC determination, the Court will only address that issue.

A claimant's RFC is defined as the most an individual can do despite the combined effects of all of his or her credible limitations. Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)). The ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, including medical records, the observations of treating physicians and others, and the claimant's description of her limitations. McCoy v. Astrue, 648 F.3d 605 (8th Cir. 2011); Krogmeier v. Barnhart, 294 F.3d 1019, 1024 (8th Cir. 2002). A claimant's RFC is a medical question, however, and some medical evidence

must support the ALJ's RFC determination. Hutsell v.Massanari, 259 F.2d 707, 711-12 (8th Cir. 2001). The ALJ is "required to consider at least some supporting evidence from a [medical professional]" and should therefore obtain medical evidence that addresses the claimant's ability to function in the workplace. Id. at 712 (internal quotation marks and citation omitted). An ALJ's RFC assessment which is not properly informed and supported by some medical evidence in the record cannot stand. Id. It is the claimant's burden, not the Commissioner's, to prove the claimant's RFC. See Harris v. Barnhart, 356 F.3d 926, 930 (8th Cir. 2004); McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).

Here, the ALJ determined that Plaintiff had the RFC to perform light work with some restrictions. (Tr. 31). Light work is defined as work that "requires a good deal of walking or standing, or ... involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b); Reece v. Colvin, 834 F.3d 904, 908 (8th Cir. 2016). Light work also involves lifting no more than twenty pounds at a time, with frequent lifting or carrying of objects weighing up to ten pounds. Id. To be capable of performing "light work," a claimant must be able to stand or walk for six hours of an eight-hour work day. Combs v. Berryhill, 878 F.3d 642, 645 n.5 (8th Cir. 2017) (citing Frankl v. Shalala, 47 F.3d 935, 937 (8th Cir. 1995)).

The ALJ factually summarized the evidence of Plaintiff's medical exams and treatment (Tr. 32-36), but did not discuss or examine how such evidence demonstrated that Plaintiff could perform light work, and specifically whether Plaintiff could stand or walk for six hours (with normal breaks) of an eight-hour work day. Indeed, the only "discussion" regarding Plaintiff's ability to engage in work-related activities appears to be a cursory reliance on the absence of medical opinions stating that Plaintiff could not engage in work-related activities: "[N]o treating

7

physician has placed any specific long-term limitations on [Plaintiff's] abilities to stand, sit, walk, bend, lift, carry, or do other basic exertional activities." (Tr. 36). The ALJ gave no specific weight to the work-related statements provided by treating neurosurgeon Sonjay Fonn, D.O. (see Tr. 1338[1]), because those statements did not contain any specific functional limitations, but instead appeared to have been prepared in the context of Plaintiff's workers' compensation claims (Tr. 36). In addition, the record does not contain any state agency medical consultant opinions. An absence of opinion, however, does not constitute medical evidence upon which an ALJ may base her RFC assessment. See Lauer v. Apfel, 245 F.3d 700, 705 (8th Cir. 2001). "A treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting an ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so[.]" Hutsell, 259 F.3d at 712; see also Lauer, 245 F.3d at 705 (although Commissioner argues that physician never indicated that claimant was unable to engage in work-related activities, physician was never asked to express an opinion about that issue); Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000) ("In spite of the numerous treatment notes discussed above, not one of [claimant's] doctors was asked to comment on his ability to function in the workplace.").

For these reasons, the ALJ's determination that Plaintiff retained the RFC to engage in light work, albeit with some restrictions, was not supported by substantial evidence on the record as a whole. This cause should, therefore, be remanded to the Commissioner for a proper assessment of Plaintiff's functional limitations resulting from his impairments, including obtaining information from Plaintiff's treating physicians, and properly considering expert

---

[1] In response to Plaintiff's counsel's request for a narrative report, Dr. Fonn opined that Plaintiff "will suffer permanent disability from [the May 15, 2015 injury]."

opinion evidence. <u>Dixon v. Barnhart</u>, 324 F.3d 997, 1003 (8th Cir. 2003); <u>Nevland</u>, 204 F.3d at 858; <u>Vaughn v. Heckler</u>, 741 F.2d 177, 179 (8th Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order. A separate Judgment will accompany this Order.

Dated this 29th day of September, 2020.

                                             _____
                                             **JOHN A. ROSS**
                                             **UNITED STATES DISTRICT JUDGE**